OPINION OF THE COURT
Phillip R. Rumsey, J.
By this motion, the plaintiff, Matthew C. Fox, seeks to obtain all his medical records or a copy thereof from the defendant Binghamton Psychiatric Center.
Mr. Fox represents himself in this medical malpractice action. Previously, he attempted to secure copies of his medical records from Binghamton Psychiatric Center pursuant to Mental Hygiene Law § 33.13, but access was denied him by the Binghamton Psychiatric Center. He also brought an earlier motion for discovery in this action to gain access to his medical records, but his motion was not properly filed and did not reach the motion calendar.
Mr. Fox then brought this motion entitled a "Motion for Subpoena Duces Tecum” to obtain his medical records.
The Binghamton Psychiatric Center and Dr. Mata (referred to herein as defendants) oppose the motion on procedural and substantive grounds. The defendants correctly state that a subpoena may not be used to further pretrial discovery (State of New York v Mastracci, 77 AD2d 473, 474-475). However, where a party is unrepresented by an attorney, the court will look to the substance of the relief sought and not merely to the procedural form chosen. It is clear, regardless of the title of the motion, that Mr. Fox seeks to obtain his medical records in order to proceed with his malpractice action; the court therefore deems this a motion for discovery under CPLR 3101 et seq.
The Binghamton Psychiatric Center by letter dated January 12, 1994 refused Mr. Fox’s request (pursuant to Mental Hygiene Law § 33.13) for access to his records because it would be antitherapeutic at that time for Mr. Fox to see such *1012 records. It is also alleged that Mr. Fox had exhibited "threatening behaviors” when requesting the records. Those same objections are raised on this motion.
Section 33.16 of the Mental Hygiene Law, by its own provision, was not intended to "restrict, expand or in any way limit the disclosure of any information pursuant to” the Civil Practice Law and Rules regulating discovery. (§ 33.16 [i].)
Under Mental Hygiene Law § 33.13 (c) (1) the party seeking disclosure must make a threshold showing that the "interests of justice significantly outweigh the need for confidentiality”. (Application of Hild, 124 NYS2d 271.) That criteria is not the standard applied in a motion for disclosure under CPLR 3101 et seq.
CPLR 3101 (a) requires, in part, that "There shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof, by * * * a party”.
The court is called upon here to balance the best interests of a former patient (as viewed by his physicians) in precluding access to his medical records, against the patient’s right as a litigant to disclosure of his medical records.
Mr. Fox is no longer a patient at the Binghamton Psychiatric Center. As a pro se litigant he has the need to view those medical records pertinent to his claim; without that access he could not proceed to have his claim heard. The material sought is material and relevant.
Mr. Fox is entitled to access to that portion of his hospital record at Binghamton Psychiatric Center covering his admission and treatment in July 1991 which is the subject of his complaint. He is directed to pay the usual cost of photocopying such record prior to its release.
Counsel for defendants are directed to submit an order in accordance with this decision upon notice to Mr. Fox within 60 days pursuant to Uniform Rules for Trial Courts (22 NYCRR) § 202.48.